# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | | |
|---|---|---|
| STATE OF WASHINGTON | | No. 47235-0-II |
| Respondent, | | |
| v. | | |
| ANTHONY LEE EDWARDS, | | UNPUBLISHED OPINION |
| Appellant. | | |

LEE, J. — Anthony Lee Edwards was ordered to pay discretionary legal financial obligations (LFOs) without an inquiry on the record into his ability to pay. Raising the issue for the first time on appeal, Edwards argues the sentencing court erred in failing to first inquire into his ability to pay, and that he received ineffective assistance of counsel for his attorney's failure to object to the sentencing court's imposition of discretionary LFOs without an inquiry into Edwards's ability to pay.

We exercise our discretion under RAP 2.5(a) and consider Edwards's challenge that the sentencing court erred. We hold that the sentencing court erred in failing to inquire into Edwards's ability to pay, reverse the imposition of discretionary LFOs, and remand for the sentencing court to make an individualized inquiry into Edwards's ability to pay.[1]

## FACTS

Edwards entered guilty pleas to an amended information on February 11, 2015. The guilty pleas were accepted the same day. Pursuant to his guilty plea, the State requested the sentencing

---

[1] Because we reverse and remand the imposition of discretionary LFOs, we do not consider Edwards's ineffective assistance argument.

court order Edwards to pay $500 to the Department of Assigned Counsel. As part of his sentence, Edwards was ordered to pay LFOs, which included a discretionary award of $400 for "court-appointed attorney fees and defense costs." Clerk's Papers at 29 (capitalization omitted). Before ordering the LFOs, the sentencing court did not inquire into Edwards's ability to pay LFOs on the record. An order of indigency was entered on March 5, 2015.

ANALYSIS

A.    CHALLENGING LFOS FOR THE FIRST TIME ON APPEAL

Edwards argues the sentencing court erred in failing to inquire into his ability to pay before ordering him to pay discretionary LFOs. We agree.

A defendant who fails to object to the imposition of LFOs at sentencing is not automatically entitled to review. RAP 2.5(a); *State v. Blazina*, 182 Wn.2d 827, 832, 834, 344 P.3d 680 (2015) (affirming an appellate court's decision not to review the imposition of LFOs that were not objected to before the sentencing court); *State v. Duncan*, 185 Wn.2d 430, 437, 374 P.3d 83 (2016) (affirming the same). However, RAP 2.5(a) grants appellate courts discretion to accept review of claimed errors and reach the merits the case. *Blazina*, 182 Wn.2d at 834-35.

Here, Edwards was sentenced on February 11, 2015. Edwards did not object below and raises the issue for the first time on appeal. We exercise our discretion and reach the merits of Edwards's challenge.

B.    INQUIRY INTO ABILITY TO PAY

Our Supreme Court has made clear that under RCW 10.01.160(3), the sentencing court "must do more than sign a judgment and sentence with boilerplate language stating that it engaged in the required inquiry. The record must reflect that the trial court made an individualized inquiry

into the defendant's current and future ability to pay." *Blazina*, 182 Wn.2d at 838; *see also Duncan*, 185 Wn.2d at 437 (affirming the same); and *City of Richland v. Wakefield*, ___ Wn.2d ____, 380 P.3d 459, ¶ 24 (2016) (affirming the same).

Here, the record shows that the sentencing court did not make an individualized inquiry into Edwards's current and future ability to pay. Therefore, we hold the sentencing court erred, reverse the discretionary LFO's, and remand to the sentencing court for consideration of Edwards's current and future ability to pay.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

_____
Lee, J.

We concur:

_____
Worswick, P.J.

_____
Sutton, J.